IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAGDALENE M. DORTCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-00229-N |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Magdalene M. Dortch brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 15, 17. Oral argument was held on January 6, 2016. Doc. 14. Present were Ann Winslow Butts, Esq., representing Plaintiff, and Patricia Beyer, Esq., representing Defendant Carolyn Colvin.

Upon consideration of the administrative record ("R.") (Doc. 8), Plaintiff's Brief (Doc. 9), and the Commissioner's Brief (Doc. 13), the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be **AFFIRMED**.[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 23.

## I. Procedural Background

Plaintiff filed an application for DIB on November 23, 2011 (*see* R. 110-13), alleging a disability onset date of November 1, 2011. *See* R. 110. Her application was initially denied. *See* R. 60-64. Hearings were conducted before Administrative Law Judge Warren Hammond, Jr., ("the ALJ") on November 21, 2013. *See* R. 32-47. On December 23, 2013, the ALJ issued the decision, now before this Court, finding Plaintiff not disabled. R. 16-31. The Appeals Council issued a decision declining to review the ALJ's determination on March 19, 2015 (*see* R. 1-6), rendering the Commissioner's decision final for purposes of judicial review (*see* 20 C.F.R. § 404.981). Claimant timely filed a complaint in this Court on May 1, 2015. *See* Doc. 1.

## II. Factual Background

Plaintiff is a resident of Prichard, Alabama, born September 12, 1958. R. 110. She was 55 at the time of the hearing before the ALJ. R. 32, 110. She completed high school and has an associate's degree. R. 35. Her past relevant work experience includes positions as a customer service representative and a bank teller. R. 135. She has not performed substantial gainful activity since before the alleged onset date of November 1, 2011. R. 145. Plaintiff suffers from a number of medical issues, including headaches, vertigo, osteoarthritis, myopathy, polymyositis, degenerative disc disease, hypertension, gastroesophageal reflux disease (GERD), fibromyalgia, and diabetes. R. 21. She has been treated by several physicians, including Mike Sprizin, M.D.; James Lawrence, M.D.; and Dr. William Crotwell III, M.D. R. 23-25. At the time of her July 18, 2013, examination, Plaintiff was taking a number of

medications, including Lyrica, Ketoprofen, Meclizine, Methotrexate, folic acid, tramadol, Atenolol, hydrochlorothiazide, hydroxychloroquine, metformin, loratadine, Nexium, Singulair, Tylenol, and ophthalmic solution. R. 25.

### III. Claims on Appeal

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence) on the following grounds:

1. The ALJ committed reversible error at Step Four of the sequential evaluation process in violation of Social Security Rulings 82-61 and 82-62 in finding that Plaintiff could return to her past work as a bank teller and customer service representative. The ALJ failed to properly develop the record with regard to the physical demands of Plaintiff's past relevant work and failed to provide rationale that compares the Plaintiff's RFC with the physical and mental demands of the Plaintiff's past relevant work as the Plaintiff performed it, or as generally performed in the national economy.

2. The ALJ committed reversible error in violation of 20 C.F.R. § 404.1520(f) in finding, at Step Four of the sequential evaluation process, that Plaintiff had the RFC to perform the requirements of her past work as a bank teller and a customer service representative when the assigned RFC would preclude such jobs.

Doc. 9 at 2.

3

## IV.  Standard of Review

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*); and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834,

836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is ***supported by*** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

### V. <u>Analysis</u>

**A. The ALJ committed no reversible error in finding that Plaintiff could return to her past work.**

Plaintiff first contends that the ALJ "committed reversible error in violation of

5

Social Security Rulings 82-61 and 82-62 . . . in finding that [Plaintiff] could return to her past work as a bank teller and customer service representative." Doc. 9 at 2. Specifically, Plaintiff contends that the ALJ

> failed to develop the record with regard to the physical demands of Plaintiff's past relevant work and failed to provide rational that compares the [Plaintiff's RFC] with the physical and mental demands of the [Plaintiff's] past relevant work as the [Plaintiff] performed it, or as is generally performed in the national economy."

*Id.* at 2-3. Social Security Ruling 82-62 mandates that

> [p]ast work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required to do this work . . .

and that

> [t]he decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

SSR 82-62, 1982 WL 31386 (Jan. 1, 1982). However, Social Security Ruling 82-61 prescribes specific tests for determining whether a claimant can perform relevant past work. *See* SSR 82-61, 1982 WL 31387 (Jan. 1, 1982). Relevantly, it prescribes the test of "[w]hether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy." *Id.* When determining a claimant's ability under such a test,

> [t]he *Dictionary of Occupational Titles* (DOT) descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is *usually* performed in the national economy . . . It is understood that some individual jobs may require somewhat more or less exertion than the DOT description.

6

*Id.* In finding that a claimant has the capacity to perform a past relevant job, the ALJ must include several "specific findings of fact":

1. A finding of fact as to the individual's RFC.

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386 (Jan. 1, 1982).

The ALJ's decision satisfies all of the requirements of Social Security Rulings 82-61 and 82-62. The ALJ made a finding of fact as to the Plaintiff's RFC (R. 21), as to the demands of past work (R. 26-27), and as to the ability of the Plaintiff to return to past work, as required by Social Security Ruling 82-62. *Id. compare* SSR 82-62, 1982 WL 31386 (Jan. 1, 1982). The ALJ tested the Plaintiff's ability to return to past work using the *Dictionary of Occupational Titles* as prescribed by Social Security Ruling 82-61. R. 27 *compare* SSR 82-61, 1982 WL 31387 (Jan. 1, 1982). Additionally, the ALJ considered the Plaintiff's work history (R. 22, 26-27) and relied on the testimony of a vocational expert in making his decision. R. 27. The ALJ also properly considered medical testimony in making his RFC determination. *See, supra*. Thus, the ALJ's conclusion on Plaintiff's ability to return to past work was proper pursuant to the requirements of Social Security Rulings 82-61 and 82-62.

**B.    The ALJ did not err in determining that Plaintiff's RFC permitted relevant past work.**

Plaintiff next contends that the ALJ committed error when he determined that the Plaintiff's RFC permitted a return to her previous work as a bank teller or a

7

customer service representative. Doc. 9 at 6-7. The ALJ determined that the Plaintiff had the residual functional capacity to

> perform light work as defined in 20 C.F.R. 404.1567(b) except for the following limitations: the claimant is limited to occasional climbing, kneeling, balancing, crouching, bending, stooping, crawling, and squatting. She can occasionally reach overhead and in other directions, handle, finger, and use fine and gross manipulation. She should avoid workplace hazards, moving machinery, and unprotected heights.

R. 21-22. The Vocational Expert testified that this RFC would permit Plaintiff's return to past relevant work. R. 45-46. In arguing that this RFC does not permit Plaintiff to return to her past relevant work, Plaintiff relies exclusively on job descriptions from "the program Job Browser Pro by SkillTRAN." Doc. 9 at 7. In determining the skill and exertion levels of particular job titles, preference is given to the testimony of vocational experts and the descriptions provided in the *Dictionary of Occupational Titles*. *See* 20 C.F.R. § 404.1566(d); 20 C.F.R. § 416.966(d); 20 C.F.R. § 404, Subpart P, Appendix 2. The commercially-available programs produced by SkillTRAN are not sources that the ALJ is obligated to take administrative notice of. 20 C.F.R. § 404.1566(d); 20 C.F.R. § 416.966(d). There is no reason to suppose that the testimony of the Vocational Expert cannot be relied upon. *See, e.g.*, *Newsome v. Colvin*, 2013 WL 800699, at *4-7 (C.D. Cal. Mar. 13, 2013); *Gardner v. Colvin*, 2013 WL 781984, at *8 (C.D. Cal. Mar. 1, 2013); *Bradley v. Astrue*, 2012 WL 5902349, at *20 (C.D. Cal. Nov. 26, 2012). To prefer the classifications authored by SkillTRAN over the testimony of the Vocational Expert would clearly be "deciding the facts anew or re-weighing the evidence," as proscribed by *Davison*. 370 Fed. App'x 995, 996 (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210

8

(11th Cir. 2005)). As required by the Eleventh Circuit, the evidence relied upon by the ALJ is "more than a scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support [the ALJ's] conclusion." *See Martin v. Sullivan*, 894 F. 2d 1520, 1529 (11th Cir. 1990) (internal citations omitted). In the last analysis, the record evidence does not support Plaintiff's assignments of error. Rather, the record as a whole reflects that the ALJ's decision was supported by substantial evidence.

## VI. Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits is **AFFIRMED**.

**DONE** and **ORDERED** this the 17th day of August 2016.

    */s/ Katherine P. Nelson*
    **KATHERINE P. NELSON**
    **UNITED STATES MAGISTRATE JUDGE**